1  SHOOK HARDY & BACON L.L.P.
   MICHAEL F. HEALY, State Bar No. 95098
2  *mfhealy@shb.com*
   EMILY M. WEISSENBERGER, State Bar No. 248898
3  *eweissenberger@shb.com*
   ALEXANDER A. GUNEY, State Bar No. 308192
4  *aguney@shb.com*
   One Montgomery Tower, Suite 2700
5  San Francisco, CA 94104-2834
   Telephone: 415.544.1900
6  Facsimile: 415.391.0281

7  *Attorneys for Defendants*
   HOFFMANN-LA ROCHE INC. [erroneously sued
8  as F. Hoffmann-La Roche, Inc.] and
   GENENTECH, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHEETS, an individual; KRISTIE SHEETS, an individual | Case No.: |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)** |
| vs. | |
| F. HOFFMANN-LA ROCHE LTD.; F. HOFFMANN-LA ROCHE, INC.; GENENTECH, INC.; and DOES 1 – 100, | |
| Defendants. | |

412828 v1

NOTICE OF REMOVAL

# NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND COUNSEL OF RECORD FOR THE PARTIES:

PLEASE TAKE NOTICE that Defendants HOFFMANN-LA ROCHE INC.[1] and GENENTECH, INC. (together, the "Removing Defendants"), through undersigned counsel, hereby remove the state-court action entitled *Sheets v. F. Hoffmann-La Roche, Ltd., et al.*, civil action no. SCV-262710, filed in the Superior Court of California, County of Sonoma to the U.S. District Court for the Northern District of California. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In support of this removal, the Removing Defendants state as follows:

## I. STATE COURT ACTION

1. Plaintiffs ANDREW SHEETS ("Mr. Sheets") and KRISTIE SHEETS ("Mrs. Sheets," and together, "Plaintiffs") filed the currently-operative complaint in the Superior Court for the State of California, County of Sonoma, entitled *Sheets v. F. Hoffmann-La Roche, Ltd., et al.*, Civil Case No. SCV-262710 on June 28, 2018 (the "State Court Action"). (Declaration of Alexander Guney in Support of Removal ("Guney Decl."), **Exhibit 1**.)

2. The State Court Action is a civil action alleging (1) strict products liability – failure to warn; (2) Negligence; (3) Deceit by Concealment (Violation of Civil Code §§ 1709 – 1710); (4) Fraud; (5) Negligent Misrepresentation and Concealment; and (6) Loss of Consortium. Plaintiffs allege injuries based on the consumption of Lariam, a medication for the prevention of malaria, which Mr. Sheets was prescribed for the prevention of malaria during his deployment in Afghanistan with the U.S. Navy. (Guney Decl., Exhibit 1, ¶ 47.)

3. Plaintiffs seek unspecified compensatory and punitive damages, including interest, litigation costs, attorneys' fees, and any other relief the Court deems appropriate, in an amount greater than $25,000. (Guney Decl., Exhibit 1, "Prayer for Relief.")

4. The Summons, Complaint and Notice of Single Assignment Judge (collectively, the "Complaint") were served on Defendant Hoffmann-La Roche Inc. on July 17, 2018. (Guney Decl.,

---

[1] Hoffmann-La Roche Inc. was erroneously sued as "F. Hoffmann-La Roche, Inc."

1. **Exhibit 2**.)  The Complaint was served on Defendant Genentech, Inc. on June 29, 2018.  (Guney Decl., **Exhibit 3**.)

5. Defendant F. Hoffmann-La Roche, Ltd, a Swiss entity, has not yet been served. (Guney Decl., ¶ 5.)

6. As set forth more fully below, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject-matter jurisdiction over the State Court Action under 28 U.S.C. § 1332, and the Removing Defendants have satisfied the procedural requirements for removal.

## II.    THE REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7. This removal is timely.  Title 28 U.S.C. § 1446(b) provides that notice of removal of a civil action shall be filed within 30 days of receipt of a complaint or summons by the defendant. The Removing Defendants file this Notice of Removal within 30 days of both June 29, 2018 and July 17, 2018, which are the dates Defendants Genentech, Inc. and Hoffmann-La Roche Inc., respectively, received the Complaint.

8. The United States District Court for the Northern District of California is the proper venue for removal under 28 U.S.C. § 1441(a) because this Court is "the district and division embracing the place where such action is pending," namely, Sonoma County, California.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Sonoma County Superior Court, and the Removing Defendants will serve a copy of this Notice of Removal on all parties to the State Court Action.

10. By this Notice of Removal, the Removing Defendants do not waive any defenses, including without limitation any defenses pursuant to Federal Rule of Civil Procedure 12.

## III.    DIVERSITY JURISDICTION

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1442 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, and citizens or subjects of a foreign state.  Removal under 28 U.S.C. § 1441(b) is appropriate in this matter since

complete diversity of citizenship exists between Plaintiffs and the correctly-named defendants, which are not citizens of California, the state in which the State Court Action was brought.

**A.   Plaintiffs' Citizenship**

12.   Plaintiffs, husband and wife, are natural persons residing in Cazadero, Sonoma County, California. (Guney Decl., Exhibit 1, ¶¶ 14, 15.) Upon information and belief, Plaintiffs are citizens of California for purposes of determining diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (stating citizenship is determined by domicile, which is person's "permanent home, where she resides with the intention to remain or to which she intends to return").

**B.   Defendants' Citizenship**

   i.   Defendant Hoffmann-La Roche Inc.

13.   Defendant Hoffmann-La Roche Inc. is, and was at the time Plaintiffs commenced the State Court Action, a New Jersey corporation with its principle place of business in New Jersey. (Guney Decl., **Exhibit 4**; Declaration of Gerald Bohm in Support of Removal ("Bohm Decl."), ¶ 4.)

14.   For purposes of determining diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State…where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). Thus, Hoffmann-La Roche Inc. is a citizen of New Jersey.

15.   The Complaint incorrectly identifies Hoffmann-La Roche Inc.'s principal place of business as South San Francisco, California, based on an article from Defendant Genentech, Inc.'s website. The U.S. Supreme Court has held that a corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities" or "where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

16.   Defendant Hoffmann-La Roche Inc.'s headquarters are in New Jersey, and not California, making it a citizen of New Jersey, only. (Bohm Decl., ¶¶ 4, 5.)

///

4
NOTICE OF REMOVAL

### ii. Defendant F. Hoffmann-La Roche Ltd

17. Defendant F. Hoffmann-La Roche Ltd is, and was at the time Plaintiffs commenced the State Court Action, a Swiss entity with its principal place of business in Basel, Switzerland.[2] (Bohm Decl., ¶ 6.)

18. Foreign corporations are treated the same as U.S. corporations for purposes of determining citizenship in a diversity analysis. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994); *see also J.P.Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91-92 (2002).

19. Defendant F. Hoffmann-La Roche Ltd is a citizen of Switzerland.

### iii. Genentech, Inc. Is a Fraudulently-Joined Defendant

20. Defendant Genentech, Inc. ("Genentech") is, and was at the time Plaintiffs commenced the State Court Action, a Delaware corporation with its principal place of business in South San Francisco, California.

21. Genentech's presence in this case does not defeat diversity jurisdiction because Genentech is a fraudulently-joined defendant. Under the fraudulent-joinder doctrine, a court should disregard the citizenship of a defendant where, as here, there is "no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Taylor v. Jeppesen Dataplan, Inc.* Case No. 10-cv-1920 SBA, 2010 WL 3790728, at *2 (N.D. Cal. Sept. 27, 2010) (quoting *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)).

22. The standard for establishing a fraudulent joinder is similar to that of a motion to dismiss, with two exceptions: (1) the Court may pierce the pleadings to make factual determinations, and (2) the Court may not make final determinations with regard to questions of state law that are not well-settled. *Taylor*, 2010 WL 3790728, at *2.

23. By Plaintiffs' own admission, Mr. Sheets began taking "Roche-branded Lariam" on his first day of deployment in Afghanistan with the U.S. Navy in October 2003. (Guney Decl., Exhibit 1, ¶ 13.)

---

[2] Defendant F. Hoffmann-La Roche, Ltd has not yet been properly served and therefore consent to the filing of this Notice of Removal is not required. *See, e.g., City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. 06-cv-7453-EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007).

24. Mr. Sheets "separated from the Navy" in June 2006. (Guney Decl., Exhibit 1, ¶ 48.) Nowhere in the Complaint do Plaintiffs allege that Mr. Sheets consumed Lariam after his separation from the Navy.

25. Non-party Roche Holdings, Inc.—the parent entity of Defendant Hoffmann-La Roche Inc.—acquired Genentech in 2009, three years **after** Mr. Sheets stopped taking Lariam. (Bohm Decl., ¶ 7; Guney Decl., Exhibit 1, ¶ 48.)

26. Moreover, Genentech never designed, manufactured, produced or distributed Lariam—at any time relevant to the allegations in Plaintiffs' Complaint or otherwise—in order to be strictly liable to Plaintiffs. Genentech never sought, nor obtained, FDA approval to market Lariam in the United States. (Bohm Decl., ¶ 10.)

27. Plaintiffs' Complaint is bereft of any facts regarding Genentech, which supports the view that Genentech was named solely to circumvent diversity jurisdiction. *See, e.g., Aronis v. Merck & Co., Inc.*, No. 05-cv-0486, 2005 WL 5518485 (E.D. Cal. May 3, 2005) (finding plaintiff's failure to "allege that [the defendant] contributed in any way to her injuries" sufficient to determine that defendant was fraudulently named); *see also Shah v. Wyeth Pharmaceuticals, Inc.*, No. 04-cv-8652 DT, 2005 WL 6731641, at *2 (C.D. Cal. Jan. 18, 2005) (denying motion to remand "when Plaintiffs fail to allege any 'particular or specific activity' on the part of each of the non-diverse defendants.").

28. The only fact alleged about Genentech is that "Roche" acquired Genentech in 2009 and that Genentech's headquarters are in South San Francisco. (Guney Decl., Exhibit1, ¶ 17.) However, this is incorrect as to the named Roche Defendants as neither Defendant Hoffmann-La Roche Inc. nor F. Hoffmann-La Roche Ltd acquired any interest in Genentech. (Bohm Decl., ¶ 9.)

29. Plaintiffs fail to allege any factual basis that would give rise to an independent legal duty owed by Genentech to Plaintiffs, or that Genentech had any interaction with Plaintiffs that would serve as the basis for Plaintiffs' claims for deceit, fraud, or misrepresentation. Under California law, causes of action for fraud and negligent misrepresentation require a plaintiff to prove that the defendant engaged in a misrepresentation and that plaintiff relied upon it. *Conroy v. Regents of Univ. of California*, 45 Cal.4th 1244, 1255 (2009) (stating the elements of fraud and

deceit); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Serv. Grp. Inc.*, 171 Cal. App. 4th 35, 50 (2009) (stating the elements of negligent misrepresentation). Nowhere do Plaintiffs allege that Genentech made any representations to them, or that Genentech was involved in the production, marketing, or sale of Lariam at any time.

30. Moreover, Plaintiffs' contention that "Genentech is the successor-in-interest to the liability of Roche..." fails to provide any basis for liability. In California, the doctrine of successor liability provides that a purchasing corporation does not assume the liabilities of the selling corporation, unless "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." *Ray v. Alad Corp.*, 19 Cal.3d 22, 28 (1977).

31. As to the first factor, Genentech did not assume the liabilities of either Defendant F. Hoffmann-La Roche Ltd or Hoffmann-La Roche Inc., because Genentech operates as an independent entity and never agreed—expressly or impliedly—to assume any of Hoffmann-La Roche Inc.'s or F. Hoffmann-La Roche Ltd's liabilities. (Bohm Decl., ¶ 11.) Further, neither Hoffmann-La Roche Inc. nor F. Hoffmann-La Roche Ltd hold any interest in Genentech, or vice versa. (Bohm Decl., ¶ 9.)

32. Secondly, there is no merger or consolidation between Genentech and Defendants F. Hoffmann-La Roche Ltd or Hoffmann-La Roche Inc. because all three Defendants operated during the relevant time, and continue to this day to operate, as independent entities. (Bohm Decl., ¶ 12.)

33. Further, non-party Roche Holdings, Inc. is the entity that acquired an interest in Genentech (i.e., Roche Holdings, Inc. is the "purchasing corporation"). Thus, neither Defendant F. Hoffmann-La Roche Ltd nor Hoffmann-La Roche Inc. is a "mere continuation" of Genentech because neither was the purchasing entity and because Genentech continues to operate as a corporate entity. (Bohm Decl., ¶¶ 9, 12.)

34. The doctrine of successor liability considers a situation where a "surviving corporation" or "purchasing corporation" (i.e., Roche Holdings, Inc.) is held accountable for the

liabilities of a "disappearing corporation" or "seller" (i.e., Genentech). *See* Cal. Corp. Code § 1107(a).

35. In the instant action, the doctrine of successor liability is inapplicable because Plaintiffs are attempting to hold the "seller" or "disappearing" corporation (i.e., Genentech) accountable for the liabilities of Defendants F. Hoffmann-La Roche Ltd and/or Hoffmann-La Roche Inc., which are incorrectly classified as "surviving" or "purchasing" corporations. Simply put, even if Plaintiffs' allegations were factually accurate, this is the reverse of successor liability.

36. Moreover, the purpose of holding a successor manufacturer liable for an allegedly-defective product is to ensure that "assets remain[] available to answer for damages resulting from injuries caused by defective products previously manufactured" by acquired entity. *Petrini v. Mohasco Corp.*, 61 Cal. App. 4th 1091, 1096 (1998); *see also Ray*, 19 Cal.3d at 31.

37. Here, all Defendants—F. Hoffmann-La Roche Ltd; Hoffmann-La Roche Inc.; and Genentech—remain solvent corporations capable of answering for their respective liabilities, if any.

38. Ultimately, Plaintiffs fail to satisfy <u>any</u> elements of successor liability and the policy behind the doctrine is not furthered by holding Genentech accountable for the liabilities of the remaining defendants.

**C.    Amount in Controversy**

39. Plaintiffs claim that Mr. Sheets "suffered severe and permanent injuries, incurred significant expenses for medical care and treatment, suffered lost wages and earnings, was otherwise economically injured, and experienced pain and suffering." (Guney Decl., Exhibit 1, ¶¶ 61, 71, and 78.) Plaintiff seeks both compensatory and punitive damages. (Guney Decl., Exhibit 1, "Prayer for Relief.")

40. Moreover, Mrs. Sheets seeks compensation for the loss of "the affection, companionship, and consortium of her husband," and "has had to give up her job, and more, to become his permanent caregiver." (Guney Decl., Exhibit 1, ¶ 43.)

41. It is widely recognized that personal injury claims facially meet the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2010) (finding

allegations of permanent injuries, physical, mental, and emotional pain and suffering, loss of income and earning capacity, and punitive damages based on injuries from prescription medication met the jurisdictional threshold).

42.     Compensatory and punitive damage awards in other product-liability cases in California routinely exceed the jurisdictional minimum. *See, e.g., Steward v. Union Carbide Corp.*, 190 Cal. App. 4th 23 (2010) (affirming multi-million dollar jury award of compensatory and punitive damages), disapproved of on other grounds by *Webb v. Special Electric Co., Inc.*, 63 Cal.4th 167 (2016); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202 (2006); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990 (2005).

43.     Federal courts have also found the amount in controversy requirement satisfied in other pharmaceutical cases. *See, e.g., Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand); *Copley v. Wyeth, Inc.*, No. 09-cv-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (same).

44.     Thus, on the face of the Complaint, a finder of fact could easily—and should—conclude that Plaintiffs seek damages in excess of $75,000.

## IV. CONCLUSION

45.     In this civil action, there is complete diversity of citizenship between Plaintiffs and the properly-named defendants and the amount in controversy is satisfied, making this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, the Removing Defendants respectfully remove the State Court Action from the Superior Court for the State of California, County of Sonoma, bearing civil case number SCV-262710, to this Court.

Dated: July 27, 2018

/s/ Michael F. Healy, Esq.
Emily Weissenberger, Esq.
Alexander A. Guney, Esq.

*Attorneys for Defendants*
Hoffmann-La Roche Inc. and
Genentech, Inc.

Andrew Sheets, et al. v. F. Hoffmann-La Roche, et al.
USDC Northern District No. _____(Sonoma County Superior No. SCV-262710)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Shook, Hardy & Bacon, One Montgomery Tower, Suite 2700, San Francisco, California 94104. On July 27, 2018, I served the within document(s):

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)
(DIVERSITY)

☒ ELECTRONIC SERVICE VIA CM/ECF: A true and correct copy of the above-entitled document(s) was delivered to CM/ECF by electronic transfer for service on all registered counsel of record by electronic service pursuant.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Federal Express.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 27, 2018, at San Francisco, California.

*/s/ Joanne M. Heffron Jones*

Joanne M. Heffron Jones

**Attorneys for Plaintiffs**

Kevin Boyle, Esq. – boyle@psblaw.com
Peter L. Kaufman, Esq. - kaufman@psblaw.com
Jesse Max Creed, Esq. - creed@psblaw.com
Gregory M. Sonstein, Esq. - sonstein@psblaw.com
Panish Shea & Boyle LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
T: 310-477-1700

Benjamin I. Siminou, Esq. ben@siminouappeals.com
Siminou Appeals, Inc.
2305 Historic Decatur Rd. Suite 100
San Diego, CA 92106
T: 858-877-4184

413315 v1