UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SHEETS, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>F. HOFFMANN-LA ROCHE LTD, et al.,<br><br>   Defendants. | Case No. 18-cv-04565-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 10 |

Defendants Hoffmann-La Roche Inc. ("HLR") and Genentech, Inc. (together, "Removing Defendants") removed this action from state court on the basis of diversity jurisdiction. ECF No. 1. Before the Court is Plaintiffs' motion to remand. ECF No. 10. For the reasons below, the Court will grant the motion.

**I.  BACKGROUND**

Plaintiff Andrew Sheets and his wife, Kristie Sheets, filed this products liability action in the Superior Court for the State of California, County of Sonoma. ECF No. 1 ¶ 1. They assert various tort claims under California law arising out of complications suffered by Mr. Sheets after taking the anti-malarial drug Lariam. *See generally* ECF No. 1-2 ("Complaint"). According to Plaintiffs, Mr. Sheets was prescribed Lariam upon his Naval deployment to Afghanistan in 2003. ECF No. 1-2 ¶ 13. He had severe nightmares the first night he took the medication. *Id*. These nightmares have continued to the present, augmented by other symptoms like depression, paranoia, and vision problems as Mr. Sheets's condition has deteriorated over time. *Id*. Sheets allegedly did not discover that Lariam toxicity could be causing his condition until May 2017. *Id*. Plaintiffs do not plead any federal cause of action. *See generally* Compl.

The complaint names as defendants Hoffmann-La Roche Inc. ("HLR," which Plaintiffs

refer to as "U.S. Roche"); Genentech, Inc.; and F. Hoffmann-La Roche Ltd ("FHLR," which Plaintiffs refer to as "Swiss Roche"). *Id.* at 8. All three defendants are wholly-owned subsidiaries of Roche Holding Ltd. ("Roche Holding"). ECF No. 18 at 2 (HLR); ECF No. 19 at 2 (Genentech); ECF No. 33 at 2 (FHLR).

At the time of removal, FHLR had not yet been served. ECF No. 1 ¶ 5. Only HLR and Genentech filed the notice of removal now before the Court. ECF No. 1 at 2.

### A. Citizenship of the Parties

The parties do not dispute that Mr. and Mrs. Sheets live in Cazadero, California, and are thus citizens of California for the purpose of establishing diversity jurisdiction. *Id.* ¶ 12; ECF No. 1-2 ¶¶ 14-15. Similarly, the parties do not dispute that FHLR is a Swiss entity headquartered in Basel, Switzerland. ECF No. 1 ¶ 17; ECF No. 1-2 ¶¶ 16.

As for the Removing Defendants, the parties agree that Genentech is a Delaware corporation with its principal place of business in South San Francisco, California. ECF No. 1 ¶ 20; ECF No. 1-2 ¶ 18.[1] However, HLR's citizenship is disputed. HLR is incorporated in New Jersey, but the parties disagree about the location of its principal place of business. ECF No. 1 at 4; ECF No. 10 at 7. Removing Defendants insist that HLR's headquarters is in New Jersey, "making it a citizen of New Jersey, only." ECF No. 1 at ¶ 16. Meanwhile, Plaintiffs argue that HLR relocated its headquarters to South San Francisco when Roche Holding acquired Genentech in 2009 and is now a citizen of California. ECF No. 10 at 7. Plaintiffs also point to evidence that several HLR decisionmakers, including HLR's CEO and secretary, Sean A. Johnston, work out of South San Francisco to argue that HLR's activities are directed, controlled, and coordinated out of HLR's office there. *Id.* at 8.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United

---

[1] Removing Defendants assert that Genentech's California citizenship does not defeat diversity jurisdiction because Genentech was fraudulently joined. Because the Court concludes that HLR is a citizen of California, it does not address this argument.

2

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "It is to be presumed," however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted); see also *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction"). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (internal quotation marks omitted). District courts must "resolve[ ] all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If the district court determines that it lacks jurisdiction, the action must be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005).

Generally, the existence of federal subject matter jurisdiction may be premised on either diversity of the parties or a federal question. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Diversity jurisdiction exists where an action is between citizens of different states and more than $75,000 is in dispute. 28 U.S.C. § 1332(a). "A civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b). For diversity purposes a corporation is a citizen of the state of its incorporation and the state where it maintains its "principal place of business." *Id.* § 1332(c)(1). The principal place of business is usually "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010).

### III. DISCUSSION

The principal question here is whether HLR is a California citizen. If it is, the Court must remand because its presence would destroy complete diversity of the parties, 28 U.S.C. § 1332,

3

and because a defendant may not remove to federal court if it is a citizen of the forum state, 28 U.S.C. 1441(b). Having considered the competing evidence presented by the parties,[2] the Court concludes that the Removing Defendants have not met their burden to establish diversity jurisdiction, because they have failed to rebut evidence presented by Plaintiffs indicating that HLR's "nerve center" is located in California rather than New Jersey.

The Plaintiffs have submitted considerable evidence showing that HLR's operational, administrative, and executive functions shifted from New Jersey to California once Roche Holding acquired Genentech in 2009. *See* ECF No. 10 at 14-17. For instance, a Roche-branded press release from 2009, entitled "Bringing a successful partnership to the next level," describes HLR's intent to transplant its manufacturing, commercial, and executive functions to California. *See* ECF No. 10-2 at 16; *id.* at 19 (describing "[r]elocat[ion of the] commercial headquarters [from Nutley, NJ] to South San Francisco" as part of the "combined organization" of HLR and Genentech); *id.* at 20 (announcing a "[m]ove to new South San Francisco HQ" which will "[c]onsolidate HQ functions" there). Similarly, a letter from the Roche Holding Chairman and CEO to Genentech employees describing the merger identifies a commitment to "locating the combined company's U.S. headquarters at Genentech's current facility in South San Francisco." ECF No. 10-4 at 2; *see also* ECF No. 10-19 at 2 (Roche Holding investor update describing "South San Francisco site to become headquarters of combined U.S. commercial operations"). Moving to the present day, Roche's public website includes a page entitled, "Tale of Two Sites," that calls the Genentech site in South San Francisco "Roche's North America hub" and "the headquarters of Roche Commercial Operations for North America." ECF No. 10-12 at 3. The website of Genentech – a Roche subsidiary – states plainly, "Following our March 2009 merger with Roche, Genentech's South San Francisco campus *became the headquarters* for Roche pharmaceutical operations in the United States." ECF No. 10-24 at 2 (emphasis added).

By contrast, the evidence in support of HLR having its nerve center in New Jersey is both

---

[2] Removing Defendants object to Plaintiffs' submission of new evidence on reply without offering them an opportunity to respond. ECF No. 37. The Court sustains the objection and does not consider the exhibits attached to Plaintiffs' reply. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

slight and equivocal. Defendants primarily offers filings before the New Jersey Treasury Department and California Secretary of State, both of which name New Jersey as HLR's principal place of business. ECF No. 17-2 at 2; ECF No. 17-3 at 2. However, the Supreme Court has explicitly "reject[ed] suggestions . . . that the mere filing of a form . . . would, without more, be sufficient proof to establish a corporation's 'nerve center.'" *Hertz Corp.*, 559 U.S. at 97. Allowing such self-serving allegations to be determinative of jurisdiction "would readily permit jurisdictional manipulation" – for instance, where "the alleged 'nerve center' is nothing more than a mail drop box, [or] a bare office with a computer." *Id.*

As further support, HLR offers a declaration from Gerald Bohm, HLR's assistant secretary, which provides little more than conclusory allegations: for instance, the claim that "[f]rom January 1, 2018 through the date of this declaration, HLR operated and conducted its corporate affairs from the State of New Jersey." ECF No. 17-1 ¶ 5. The Bohm declaration further alleges that "HLR's Board of Directors, with the exception of Sean A. Johnston, has its annual meetings in HLR's Little Falls, NJ office." ECF No. 17-1 ¶ 7. As previously noted, however, the principal place of business is usually "*not* simply an office where the corporation holds its board meetings," but rather "the actual center of direction, control, and coordination, i.e., the 'nerve center[.]'" *Hertz*, 559 U.S. at 93 (emphasis added); *see also id.* at 96 (the "nerve center" test "points courts in a single direction, toward the center of overall direction, control, and coordination").

Defendants also assert that "Plaintiff's [e]vidence fails to disprove that HLR is a New Jersey [c]itizen." ECF No. 17 at 13. The argument misses the point. For one thing, no one disputes that HLR is a New Jersey citizen by virtue of its incorporation there; the question is whether HLR is also a citizen of California for diversity purposes because its principal place of business is in South San Francisco. Moreover, the burden with regard to citizenship rests with HLR, not Plaintiffs. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. And any ambiguity in the parties' evidence must be resolved "in favor of remand to state court." *Philip Morris USA*, 582 F.3d at 1042. As set forth above, HLR has not met his burden.

5

For the foregoing reasons, the Court will grant the motion to remand.[3]

## CONCLUSION

Because Defendants have failed to demonstrate that HLR is not a California citizen, they have failed to carry their burden to show that removal is proper. Plaintiffs' motion is granted and the Court hereby remands this action to the Sonoma County Superior Court. Plaintiffs' request for jurisdictional discovery is denied as moot.

**IT IS SO ORDERED.**

Dated: December 7, 2018

JON S. TIGAR
United States District Judge

---

[3] In light of the Court's conclusion regarding HLR's citizenship, it need not reach the parties' remaining arguments.